12-1004-cv
Smith v. N.Y.C. Dep't of Educ.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand thirteen.

PRESENT:  AMALYA L. KEARSE,
          JOHN M. WALKER, JR.,
          DENNY CHIN,
                    Circuit Judges.
- - - - - - - - - - - - - - - - - - - - -x

DANIEL SMITH,

               Plaintiff-Appellant,

          -v.-                       12-1004-cv

NEW YORK CITY DEPARTMENT OF EDUCATION, ED GARDELLA, CRAIG SHAPIRO, GERALDINE AMBROSIO, PATRICIA SQUIRE,

               Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     Daniel Smith, pro se, Suffern, New York.

FOR DEFENDANTS-APPELLEES:    Pamela Seider Dolgow, Dona B. Morris, Christopher A. Seacord, for Michael A. Cardozo,

Corporation Counsel of the City of
New York, New York, New York.

Appeal from the United States District Court for the

Southern District of New York (Cote, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment and orders of the

district court are **AFFIRMED.**

Plaintiff-appellant Daniel Smith, proceeding pro se,

appeals the district court's October 28, 2011 judgment and

October 28, 2011 opinion and order granting defendants-

appellees' motion for summary judgment dismissing his complaint

and denying him leave to amend, as well as the district court's

February 6, 2012 memorandum opinion and order denying his motion

for reconsideration.[1]  Smith has also filed a motion to withdraw

his appeal without prejudice.  Smith alleged that defendants

retaliated against him, in violation of the First Amendment,

after he complained about funding disparities between girls' and

boys' sports programs and other forms of discrimination at

DeWitt Clinton High School.  We assume the parties' familiarity

---

[1]      Smith's appellate brief does not challenge the
district court's dismissal of his claims under Title IX of the
Education Amendments of 1972, the New York State Human Rights
Law, and the New York City Human Rights Law.  Accordingly, we
deem those claims abandoned.

- 2 -

with the underlying facts, the procedural history, and the issues on appeal.

## 1. Motion for Summary Judgment

We review de novo a district court's award of summary judgment, construing the evidence and drawing all reasonable inferences in favor of the non-moving party. See Garcia v. Harford Police Dep't, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Upon de novo review of the record, we affirm the district court's award of summary judgment for substantially the reasons stated in the district court's October 28, 2011 opinion and order.

Smith's claims of First Amendment retaliation arising out of acts occurring prior to November 6, 2006 are barred by the three-year statute of limitations.[2] See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (three-year statute of limitations applies to claims arising in New York under 42 U.S.C. § 1983). Smith's reliance on the continuing violation doctrine to avoid dismissal of these claims is misplaced, as

---

[2] Smith filed his complaint on November 6, 2009.

- 3 -

each of the allegedly retaliatory events was a discrete action, not an "ongoing policy" of retaliation.  See Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999); see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify.  Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'").

Further, Smith's claim that defendants retaliated against him in 2007 by referring him for disciplinary proceedings also fails.  To survive summary judgment on a First Amendment retaliation claim, a plaintiff must demonstrate that: (1) he engaged in protected First Amendment activity; (2) he suffered an adverse employment action; and (3) there was a causal connection "sufficient to warrant the inference that the protected speech was a substantial motivating factor in the adverse employment action."  Cotarelo v. Vill. of Sleepy Hollow Police Dep't, 460 F.3d 247, 251 (2d Cir. 2006) (citation and internal quotation marks omitted).  "[E]ven if there is evidence that the adverse employment action was motivated in part by protected speech, the government can avoid liability if it can show that it would have taken the same adverse action in the

- 4 -

absence of the protected speech." Anemone v. Metro. Transp. Auth., 629 F.3d 97, 114 (2d Cir. 2011) (citation and internal quotation marks omitted).

As the district court properly concluded, even assuming Smith's complaints about funding disparities in girls' and boys' sports programs and his interviews with the Daily News in April 2007 and April 2008 constituted protected speech, Smith did not demonstrate the requisite causal connection between that protected speech and the disciplinary proceedings. The record shows that the events leading to the disciplinary hearings occurred in March 2007, and the district court noted that defendants had referred those matters to the disciplinary body "promptly," a characterization that Smith does not dispute. The first publication of Smith's statements in the first Daily News article did not occur until April 2007.

Moreover, even if Smith could establish that his protected speech preceded the initiation of disciplinary proceedings against him, defendants were still entitled to summary judgment because they demonstrated that they would have initiated disciplinary proceedings even if Smith had not engaged in the protected speech. See Anemone, 629 F.3d at 114. Smith does not dispute that a student alleged that he made inappropriate sexual comments to her or that discrepancies were

- 5 -

discovered in his time records.  Accordingly, we conclude that, on this record, a reasonable jury could find only that defendants would have initiated disciplinary proceedings against Smith even if he had not engaged in any protected activity.

**2.   Application to File Amended Complaint**

Smith argues that the district court erred by denying his application to amend his complaint to include additional causes of action based on allegedly wrongful acts taken after the original complaint was filed.

We review for abuse of discretion a district court's denial of leave to amend.  See Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 267 (2d Cir. 2009).  A district court "does not abuse its discretion in denying leave to amend the pleadings where the moving party has failed to establish good cause, as required by Rule 16(b), to amend the pleadings after the deadline set in the scheduling order." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007); see also Fed. R. Civ. P. 16(b)(3)(A), (4).

Here, the record indicates that Smith first sought to amend his complaint on May 31, 2011 -- six months after the November 5, 2010 deadline for amended pleadings, one month after the April 22, 2011 deadline for fact discovery, and two weeks after defendants filed their motion for summary judgment.  Smith

failed to establish good cause for the delay.  Accordingly, we discern no abuse of discretion in the district court's denial of Smith's application for leave to amend.

## 3.  Motion for Reconsideration

Finally, Smith argues that the district court erred by denying his motion for reconsideration because it misunderstood the facts and evidence presented.  We review for abuse of discretion a district court's denial of a motion for reconsideration.  See Johnson ex rel. United States v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011).  A district court abuses it discretion when its decision (1) "rests on an error of law or a clearly erroneous factual finding"; or (2) "cannot be found within the range of permissible decisions." Id.

A motion for reconsideration is not the appropriate mechanism for a party to relitigate an issue already decided or to advance new facts, issues, or arguments not previously presented to the court.  See Nat'l Union Fire Ins. Co. v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001); Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  To warrant reconsideration, a party must "point to controlling decisions or data that the court overlooked -- matters, in other words, that

might reasonably be expected to alter the conclusion reached by the court."  Shrader, 70 F.3d at 257.

Here, Smith's motion for reconsideration failed to identify any legal or factual material that the court overlooked.  Instead, he simply rehashed his prior arguments that had been considered by the court, speculating that if his former counsel would turn over certain unspecified files to him, he would find evidence to support a causal relationship between his protected activity and the disciplinary proceedings brought against him.  Smith also sought to supplement the record, which is inappropriate on a motion for reconsideration.  Therefore, we conclude that the district court did not abuse its discretion by denying Smith's motion for reconsideration.

We have considered Smith's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment and orders of the district court.  Further, Smith's motion to withdraw his appeal without prejudice is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 8 -